[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION TO DISMISS
The defendant Inland Wetlands Watercourses Commission of the Town of Glastonbury moves to dismiss the plaintiffs' appeal of the Commission's order that the plaintiffs cease certain regulated activities on their property in the town. The bases of the defendant's motion are 1) that the plaintiffs failed to include a return date on their appeal and 2) that the plaintiffs failed to exhaust their administrative remedies by filing their appeal before the Commission had rendered a final decision. The court finds in favor of the defendant Commission.
The plaintiffs appealed to the Commission from an order that the Commission's agent, Tom Mocko, had issued prohibiting the plaintiffs from performing certain regulated activities on their property. In particular, the order directed the plaintiffs to cease and desist the erection of a barn within a wetlands regulated area. The Commission held a hearing on the plaintiffs' petition February 14, 2002, which was continued to March 14, 2002, when the hearing was reconvened.
The plaintiffs commenced this appeal to the court by serving the appeal on the defendant Commission on March 22, 2002. The summons contained no return date. The space on the form where the date should appear was left blank. On April 1, 2002, the plaintiffs moved to amend the appeal "as of right" by inserting a return date of April 16, 2002. The defendant Commission objected to the amendment and moved to dismiss on the basis that the court lacks subject matter jurisdiction, citing the two grounds indicated above. No action has yet been taken on the plaintiffs' motion to amend.
The defendant Commission has abandoned its claim regarding the omission of the return date. In any case, the more serious flaw in the plaintiffs' appeal is that it was brought entirely prematurely.
Conn. Gen. Stats. sec. 22a-42a (d) (1) provides that any decision of the CT Page 800 Commission shall be "published in a newspaper having a general circulation in the town wherein the wetland or watercourse lies" (emphasis added) within fifteen days after the decision is rendered. Conn. Gen. Stats. sec. 22a-43 (a) provides in relevant part, "any person aggrieved by any . . . decision (of the Commission) . . . may, within the time specified in subsection (b) of section 8-8 from the publication of such . . . decision appeal to the superior court. . . ." (Emphasis added.) Conn. Gen. Stats. sec. 8-8 (b) provides that the appeal "shall be commenced by service of process . . . within fifteen days from the date that notice of the decision was published as required by the general statutes." (Emphasis added.).
In Sharpe v. Zoning Board of Appeals, 43 Conn. App. 512, 526, the Appellate Court held that a decision of an administrative agency such as the Commission in this case becomes final upon publication in accordance with the statute and may not thereafter be opened or reconsidered. Prior to publication, a decision may be opened and reconsidered for good cause. That is to say, as applied to this case, the decision of an administrative agency is not final for purposes of appeal until it has been published in accordance with the statute. The purpose of publication is to allow the aggrieved person "the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue." Id.
The factual issue that is before the court in deciding the Commission's motion to dismiss, therefore, is whether the Commission had rendered an adverse appealable decision on the plaintiffs' appeal to the Commission at the time the plaintiffs appealed to this court. The record in the case reveals clearly that the Commission had not done so.
At the hearing on this motion to dismiss, the Commission introduced the minutes of the meetings of the Commission on March 14, 2002, and April 11, 2002, at which it heard the plaintiffs' appeal of Mr. Mocko's order. At the March 14 meeting, there was considerable discussion between plaintiffs' counsel, Mr. Mocko and Commission members. Mr. Mocko presented a packet of forty documents for the members to review and consider. It is fair to say that during this hearing the members expressed a strong inclination to affirm Mr. Mocko's cease and desist order. The Commission chairman, nevertheless, suggested that the members be given additional time to review the forty new documents distributed at the meeting. Accordingly, it was moved, seconded, and passed unanimously to table the plaintiffs' petition concerning the proposed barn construction. Mr. Mocko then notified the plaintiffs by letter dated April 4, 2002, confirming that the Commission had taken no action on the plaintiffs' petition at the March 14 meeting and that the hearing would resume on April 11, CT Page 801 2002.
Although the Commission explicitly did not render any decision concerning the barn, the plaintiffs went ahead and commenced this appeal, as noted, on March 22, 2002.
On April 11, 2002, the Commission met again and resumed the hearing on the plaintiffs' application. After discussion and further presentation by Mr. Mocko, the Commission voted to affirm the cease and desist order, thereby rendering a final decision. The record before the court at this time does not indicate when, if ever, the Commission published notice of its decision. What is clear is that the final decision was not rendered before April 11, 2002.
The undisputed facts set forth above establish that the plaintiffs commenced and filed this appeal well before the Commission had taken any appealable action. Indeed, at the time the plaintiffs jumped in with this appeal, the Commission members were presumably reviewing the newly introduced documents and still considering what action to take. There was, therefore, no reason at that time to assume that an adverse decision was so certain that the plaintiffs would be justified in filing an appeal before the statutory period for an appeal commenced; that is, upon publication of the final decision.
The court concludes that the Commission had not rendered an appealable final decision on March 14, 2002. Rather, it had decided merely to defer action until a later date by tabling the matter. There is, of course, no statutory authority for appealing a decision to defer making a final decision. The fact that the commissioners appeared disposed to rule adversely to the plaintiffs likewise did not justify the premature appeal. The plaintiffs could not assume what the precise final decision would be and, until such a decision had been actually rendered, they could not determine to what extent they were aggrieved. The motion of the defendant Commission to dismiss this appeal is, therefore, granted.
Maloney. J.T.R. CT Page 802